WALTER WARN

*v.*

STATE OF ILLINOIS.

*Opinion filed March 17, 1915.*

1. PARK COMMISSIONERS—*control Sherman Park.* The Board of South Park Commissioners has legal control over Sherman Park.

2. RESPONDEAT SUPERIOR—*doctrine of not applicable to State.* The doctrine of *respondeat superior* is not applicable to the State

John F. Higgins and Gallagher and Messner, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

Claimant filed a declaration in which he charges that while he and a companion, on July 3, 1911, were in a row boat on the lagoon at Sherman Park, Chicago, a launch controlled by certain persons there employed ran into their boat, as a result of which claimant was injured; that the park was operated by the Board of South Park Commissioners; that the row boat was being rowed by a companion of claimant; that the employees from whom the row boat was rented and those running the launch were employed by the South Park Commissioners; that the accident was due to the negligence of the employees operating the launch; that the launch was not properly equipped with machinery to stop and reverse it; that claimant sustained injuries including a fracture of the skull and injuries to his right arm; that he was in a hospital one week and at home six weeks as a result of the injuries and the claim is for ten thousand dollars.

To this declaration the State has demurred, both generally and specially; the special causes being that the operation of boats for hire by the commissioners is not authorized by law and that the State is not responsible therefor; that the declaration fails to state that the companion of claimant, who was rowing the boat, was in the exercise of ordinary care, and that

the declaration does not preclude contributory negligence on the part of said companion of claimant.

This Court has passed upon the question raised by the first stated cause on special demurrer many times, most recently in the case of *Buszkiewicz, Admr.,* v. *State,* opinion filed this day, which was a case similar in some respects to the one under consideration. In the cited case, claimant was an employee of the Lincoln Park Commissioners, and was injured, as he claimed, through negligence of employees of the Lincoln Park Board. In that case, we quoted the opinion of this Court in *State Bank of Chicago, Admr.,* v. *State,* 1 C. of C. R., 158, on page 164, wherein we said:

"Public or State officers with only certain powers and duties enjoined upon them by the statutes, do not come within the doctrine of *respondeat superior.* Applying this rule, the South Park Commissioners being merely appointive officers, with certain statutory powers, are mere subdivisions of the government. They are mere assistants to the State in the exercise of its functions; not created at their own instance and request, but for the purpose of aiding and assisting the sovereign power of the State in carrying on the functions of the government and they are not liable for the negligence or tortious acts of its servants." Further the Court said: "* * * It has been judicially decided that the Board of South Park Commissioners are not liable in their corporate capacity. How, then, can it be now claimed that the State is liable for the acts of the Board of South Park Commissioners?"

It will be noted, that in passing on the point in the last cited case, that the accident in question arose within the jurisdiction of the South Park Commissioners.

We see no reason to change or modify the rule as laid down in the last cited case, and in the *Buszkiewicz case.*

In our view of the case, it will be unnecessary to consider other questions raised.

The demurrer will be sustained.